**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000391
25-APR-2023
08:05 AM
Dkt. 103 SO**

NO. CAAP-18-0000391

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TINA K. COX, Plaintiff-Appellee,
v.
LIONEL AVILLA, Defendant-Appellant,
and
COLLEEN AVILLA and DAYTON KELIIKIPI,
Defendants-Appellees


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC-17-1-480K)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

        Defendant-Appellant Lionel Avilla (**Avilla**) filed a notice of appeal from (1) an order granting summary judgment in favor of Plaintiff-Appellee Tina Cox (**Cox**) on counts asserting trespass and seeking ejectment (**Summary Judgment Order**), filed on April 2, 2018, and (2) a **Writ of Ejectment**, filed on April 3, 2018.  The Summary Judgment Order and Writ of Ejectment were both filed by the District Court of the Third Circuit, North and South Kona Division (**District Court**).[1]

---

        [1]  The Honorable Margaret K. Masunaga presided.

Avilla, who filed his opening brief self-represented,[2] does not assert any error by the District Court.  Instead, Avilla generally contends he had lived in his home at Kealakehe Homestead for about 20 years; his late mother-in-law Rachel Loo (**Loo**) had land under a Hawaiian Home Lands lease and asked if Avilla and his wife, Loo's daughter, Gwendolyn Leinaala Avilla (**Mrs. Avilla**), wanted to build a home on Loo's land; they accepted and Loo assigned the lease to both Loo and Mrs. Avilla; and Avilla and Mrs. Avilla paid to have a home built on the property.  Avilla further contends that in October 2017, he got papers from his step-daughter, Cox, which he did not understand so he hired an attorney.  Avilla asserts, essentially, that he relied on his counsel and did not understand what was happening, and that he was removed from his home in September 2018.

Cox asserts the District Court properly granted summary judgment.  Cox is Mrs. Avilla's daughter, Avilla's step-daughter, and Loo's granddaughter.  Cox argues she met her initial burden for summary judgment by submitting her declaration and two exhibits to the District Court.  In her declaration, Cox attested she is the current and sole lessee of the subject Hawaiian Home Lands lease, as the named successor to Loo and pursuant to a Transfer Through Successorship document, which she attached as Exhibit 1 to her declaration.  Cox attested the lease was originally issued to Loo in 1999, and that Loo later executed an Assignment of Lease and Consent in 2004, which assigned the lease to Loo and Mrs. Avilla as joint tenants.  The Assignment of Lease and Consent was attached to Cox's declaration as Exhibit 2.  Cox further attested that Avilla never had any leasehold interest in

---

[2]  When Avilla's appeal was filed, he was represented by counsel. However, prior to filing the opening brief, his counsel filed a Motion to Withdraw as Counsel stating multiple grounds for withdrawal and providing notice to Avilla, and Avilla did not object.  Counsel's motion to withdraw was granted and Avilla subsequently filed his opening brief self-represented. Avilla initially claimed he did not have the records for this case, but later advised the court he had received records from his counsel and would be providing the records to "Mr. Choi," apparently another attorney. Subsequently, Avilla never sought to have new counsel represent him in this appeal or to file a new opening brief.

the property, and that he lived on the property with Mrs. Avilla, who was a joint tenant on the lease.  Cox attested that after the death of her mother, Mrs. Avilla, in October 2006, her grandmother Loo designated Cox as Loo's successor to the Hawaiian Home Lands lease, together with all of Loo's interest in all of the improvements on the land, as referenced in Exhibit 1.  Cox further attested that Loo passed away in February 2014 and thereafter, based on Loo's designation of Cox as the successor to the lease, and based on the Transfer Through Successorship document, Cox became the sole lessee under the lease.

In opposing Cox's summary judgment motion in the District Court, Avilla argued that Cox had not met her initial burden of proof because Exhibit 1 attached to Cox's declaration, the Transfer Through Successorship, was not properly authenticated or valid due to deficiencies in the notary certification on the document.  Avilla asserted the notary did not certify the signature of the Chair of the Hawaiian Homes Commission, the notary certification stated the document was "[u]ndated at [the] time of notarization," and the certification incorrectly stated the number of pages.  Avilla did not submit any counter evidence in opposing the summary judgment motion.

For purposes of this appeal, Avilla's opening brief is deficient under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b), because, among other things, it does not assert any point of error by the District Court and does not assert any argument other than he relied on his counsel.  Thus, any assertions he raises could be deemed waived.  See HRAP Rule 28(b)(4) and (b)(7).

Even if we reach the merits of his arguments below, we conclude the District Court properly granted summary judgment for Cox.  Avilla's only challenge is to the authenticity and validity of Exhibit 1 due to asserted deficiencies in the notary certification.  However, Avilla's arguments are unavailing because he did not point to any applicable authority that Exhibit 1 was required to be notarized.  Although he asserted the

signature of the Chair of the Hawaiian Homes Commission was not certified by the notary, Avilla did not point to any authority that the Chair's signature was required to be notarized.[3] Further, although Avilla claimed that HRS § 456-21(a)(5) (2013) was not met, requiring "[a] statement of the number of pages and date of the document[,]" the notary certification stated that the document was "[u]ndated at time of notarization" and it was five (5) pages, excluding exhibits.  Moreover, the notary only certified Cox's signature on Exhibit 1 and in her declaration Cox attested, under penalty of law, that the Transfer Through Successorship attached as Exhibit 1 was a true and correct copy of the document.  In other words, Cox had personal knowledge to attest to the authenticity of the document she signed.

Given the record in this case, we conclude the District Court did not err in granting summary judgment to Cox.

Therefore, the Summary Judgment Order and the Writ of Ejectment entered by the District Court are affirmed.

DATED:  Honolulu, Hawaiʻi, April 25, 2023


On the briefs:

Lionel A. Avilla
Self-Represented Defendant-
Appellant

Lisa Strandtman,
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[3]  Cox attested in her declaration that the Transfer Through Successorship document was executed by Jobie M.K. Masagatani, Chair of the Hawaiian Homes Commission.